## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Wayne S. Jendro,

    Plaintiff,

v.

Northern States power Company, a Minnesota Domestic Corporation; Northern State Power Company, an assumed name doing business as Xcel Energy; Xcel Energy, Inc., a Minnesota Domestic Corporation; Ann M. Clowser, individually and in her capacity as Assistant General Counsel, Legal Department; Steven A. Christianson, individually and in his capacity as Senior Analyst, Human Resources; Jeffrey S. Flaten; individually and in his capacities as Supervisor and System Relay Specialist; Stephen J. Schuh, individually and in his capacity as Supervisor and System Relay Specialist; Steve Brandes, individually and in his capacity as former Systems Relay Specialist and Work Scheduling Supervisor as Xcel; Sandra Johnson, individually and in her capacity as Apprentice; International Brotherhood of Electrical Workers Local 160, a nonprofit Labor Organization; Thomas Koehler, individually and in his capacity as Business Manager/Financial Secretary of IBEW Local 160; and Daryl Tindle, individually and in his capacity as Business Agent of IBEW;

    Defendants.

Civil No. 14-4613 (DWF/TNL)

**REPORT AND RECOMMENDATION**

On December 8, 2014, this Court issued an Order deferring ruling on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2), by which Plaintiff seeks leave to proceed *in forma pauperis* ("IFP"), and requiring Plaintiff to file an Amended Complaint. (Doc. No. 3.) In that Order, this Court found that Plaintiff could not be granted IFP status because his Complaint failed to comply with Rule 8(a) of the Federal Rules of Civil Procedure. Among other reasons, this Court explained that Fed. R. Civ. P. 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" which requires a complaint to be both concise and clear. The Court explained that compliance with Rule 8 is mandatory. (Doc. No. 3 at 2 (citing *Gurman v. Metro Housing and Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011)).) And the Court explained that Plaintiff failed to comply with Rule 8 for the following reasons:

> In this case, Plaintiff has failed to comply with Rule 8 as his current pleading is neither short, nor plain. Plaintiff's Complaint spans some 76 pages and contains over 220 numbered paragraphs. Yet his allegations appear to involve relatively simple disputes. He appears to be suing his former employer or employers concerning allegations that he was not given statutorily authorized medical leave and eventually terminated for impermissible discriminatory reasons. He also appears to allege that his employer or employers violated a collective bargaining agreement and that his labor union failed to uphold his duty to represent him. And he contends that he was physically assaulted by two of his former coworkers. (*See* Doc. No. 1.) Although this appears to be the gist of Plaintiff's Complaint, substantive allegations are convoluted and confusing. Throughout the pleading, Plaintiff uses legal jargon and conclusory statements that one or more Defendant's conduct violated some legal principle rather than making a clear and concise statement about what exactly the Defendants did. Ultimately, the Court concludes that in its current state, Plaintiff's lengthy Complaint "is an unwelcome and wholly unnecessary strain on defendants and on the court system." *See In re Buffets, Inc. Securities Litig.*, 906 F.

  Supp. 1293, 1298 (D. Minn. 1995) (quoting *In re GlenFed, Inc.*, 42 F.3d 1541, 1553-54 (9th Cir. 1994).

(Doc. No. 3 at 2-3.) The Court went on to identify a non-exhaustive list of problems with the claims Plaintiff appeared to assert in his original Complaint. (*Id.* at 3-5.) The Court allowed Plaintiff to file an amended complaint to try and remedy these and other deficiencies in his original Complaint.

  Plaintiff has now submitted an Amended Complaint. (Doc. No. 4.) His Amended Complaint is now 95 pages long and contains over 280 individual paragraphs. Rather than present his allegations in a short and plain manner, Plaintiff has expanded his pleading, making it longer and even more muddled than when he commenced this case. In addition, the Amended Complaint fails to comply with this Court's requirement that any amended pleading Plaintiff filed could contain no more than 10,000 words. The Amended Complaint is also replete with conclusory allegations. Thus, Plaintiff's Amended Complaint is neither clearer nor more concise than his original Complaint.

  As the District Court explained in *Gurman*, "the filing of 'kitchen-sink' or 'shotgun' complaints—complaints in which a plaintiff brings every conceivable claim against every conceivable defendant . . . unfairly burden defendants and courts." 842 F. Supp. 2d at 1153. Here, the Amended Complaint, like Plaintiff's original pleading, "shifts onto the defendant and the court the burden of identifying the plaintiffs' genuine claims and determining which of those claims might have legal support." *Id.* This Court gave Plaintiff an opportunity to remedy that problem by informing him of the obligation that any amended pleading he chose to file comply with Rule 8's requirement that his

claims be plead in a manner that is both "short and plain." The Amended Complaint does not comply with that requirement, and this action should be dismissed without prejudice.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(b);

2. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. No. 2) be **DENIED AS MOOT**; and

3. Plaintiff's Motion for Appointment of Counsel (Doc. No. 5) be **DENIED AS MOOT**.


Dated: April __6__, 2015

                                             *s/ Tony N. Leung*
                                             Tony N. Leung
                                             United States Magistrate Judge


*Jendro v. Northern States Power Company et al.*
Case No. 14-cv-4613 (DWF/TNL)


## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 21, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.